NO. 07-02-0215-CR


NO. 07-02-0216-CR



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL A



JUNE 17, 2002



______________________________




TYRONE COLEMAN HARRIS, APPELLANT



V.



THE STATE OF TEXAS, APPELLEE




_________________________________



FROM THE 181ST DISTRICT COURT OF POTTER COUNTY;



NOS. 44,588-B, 44,587-B; HONORABLE JOHN B. BOARD, JUDGE



_______________________________



Before BOYD, C.J., and REAVIS and JOHNSON, JJ.

 Appellant Tyrone Coleman Harris filed pro se notices of appeal from his convictions
in the referenced matters. He has now filed a pro se motion in which he asks the court to
dismiss his appeals. Because appellant has complied with Rule 42.2(a) of the Rules of
Appellate Procedure, we hereby grant his motions to dismiss.

 Since this is a voluntary request for dismissal, no motions for rehearing will be
entertained, and our mandates will issue forthwith.


 John T. Boyd

 Chief Justice


Do not publish. 



.-Amarillo 1995, writ
denied), we had occasion to consider summary judgments which lacked the language
necessary to make the order final and appealable. In Disco, we noted that declarations
by the trial court that the summary judgment was granted were "nothing more than an
indication of the trial court's decision vis-a-vis the motion[] for summary judgment." Disco
Machine of Liberal Co. v. Payton, 900 S.W.2d at 74. They do "not express a specific
settlement of rights between the parties" or "disclose the specific and final result officially
condoned by and recognized under the law." Id. at 74. Thus, such orders were not final
because they did not adjudicate the rights involved or evince a final result recognized by
the law.

 Here, we have an order granting one party's plea to the jurisdiction. Yet, without the
decretal language expressly adjudicating the rights involved, the order is not a final
judgment. Nonetheless, it is rather clear that the trial court intended for the dispute to be
ended through dismissal. Given this situation, rule of procedure allows us to grant the trial
court opportunity to modify the order from which appeal was taken to make it final. Tex.
R. App. P. 27.2 (stating that the appellate court may allow an appealed order that is not
final to be modified so as to be made final and may allow the modified order and all
proceedings relating to it to be included in a supplemental record).

 Accordingly, we abate the appeal and remand the cause to the trial court. Upon
remand, the trial court is ordered to modify the November 17, 2006 "Order Granting
Defendant's Plea to the Jurisdiction" in a manner rendering it a final, appealable order. 
Finally, the trial court is directed to include the modified judgment or order it may execute
in a supplemental record to be filed with the clerk of this court on or before November 16,
2007.

 Per Curiam